## CAGNEY et al. v. DALY.

(Supreme Court, Appellate Term, First Department.   November 19, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 513*)—SETTLING ACCOUNT—CONCLUSIVE-NESS OF DECREE—PARTIES TO ACTION.

A decree settling an account of an executor, in which he credited himself with money paid to a third person to be held in escrow under an agreement between himself and plaintiff, is res judicata as to the claim of children, who were parties to the accounting.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2267–2291; Dec. Dig. § 513.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William H. Cagney and another against William C. Daly. From a judgment for plaintiffs, defendant appeals.   Reversed, and complaint dismissed.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Wm. C. Daly, of New York City (J. Aspinwall Hodge and Alexander Holzhoff, both of New York City, of counsel), for appellant.

Jacob I. Wiener, of New York City, for respondents.

BIJUR, J. It appears that defendant appellant, as executor of the estate of the mother of plaintiffs respondents, came into possession of some funds; that upon his final accounting as executor (the plaintiffs being parties duly served upon said accounting) he charged himself with the money in suit and credited himself with the same amount as paid out to a third person, to be held in escrow under an agreement between himself and the plaintiffs, the terms of which are fully set forth in the accounting. The surrogate's decree settling this account is res judicata as between the parties, and the respondents are therefore remitted for any claim upon this fund to a demand upon the third person who holds the same in escrow.

Respondents make the peculiar claim on this appeal that the amount involved was "eliminated" from the accounting. It was eliminated only 'n the sense that defendant by the decree became discharged from further accountability therefor, as nothing could be more fully covered by the accounting than this amount. The case of President of Bank of Poughkeepsie, etc., v. Hasbrouck, 6 N. Y. 216, 226, et seq. cited by respondents, has no application, because in that case the persons against whom the defendant sought to interpose the plea of res judicata were not parties to the accounting.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.